UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

FILMAX, INC.,

       Plaintiff,                                  Case No.: 3:05-cv-30

v                                                        Hon. H. Bruce Guyton, Mag. J.

VELCON FILTERS, INC.,

       Defendant.

_____/

## **STIPULATED PROTECTIVE ORDER**

The following Protective Order shall govern the exchange of confidential information in this action.

1. "Confidential Information" means any type of information which is designated as confidential by the supplying party, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise. Confidential Information shall be confidential as of the date the other party should know such information is so designated.

2. Only "Qualified Persons" are authorized to view Confidential Information in this case. Qualified Persons are defined as:

    a.    Attorneys of record in this litigation and secretaries, paralegals, law clerks and support staff employees to whom it is necessary that the information be disclosed for purposes of this litigation.

b. Any person who is not an employee or business consultant of a party and who is retained by a party or its attorneys of record in this litigation solely as an independent expert for the purpose of this litigation and who agrees in writing to be bound by the terms of this Protective Order. The independent expert must complete and sign a Confidentiality Agreement in the form of Exhibit A attached hereto. A copy of that Agreement must be provided to the other party at least ten (10) days before access is allowed to the Confidential Information.

c. Two officers of each party designated specifically by each party, who agree, in writing, to be bound by the terms of this Protective Order. The officers must complete and sign a Confidentiality Agreement in the form of Exhibit A, attached hereto. A copy of that Agreement must be provided to the other party at least ten (10) days before access is allowed to the Confidential Information.

d. Any person who is designated as a Qualified Person by Order of this Court, after notice to all parties, or who, by written agreement of the parties, is designated as a Qualified Person. Any person designated under this subparagraph must complete and sign a Confidentiality Agreement in the form of Exhibit A, attached hereto. A copy of that Agreement must be given to the other party before access is allowed to the Confidential Information.

3. Documents and things produced which contain "Confidential Information" shall be designated as such by marking each page of the document or thing at or before the time of production substantially as follows:

"CONFIDENTIAL"

or

"CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER"

In lieu of marking the original of documents, the party may mark the copies that are produced or exchanged, before or after an inspection of the originals by the other party.

000132699/0009/135509-1
Case 3:05-cv-00030   Document 20   Filed 02/09/06   Page 2 of 9   PageID #: 9

4. Any information designated as Confidential Information shall not be (1) made available, directly or indirectly or through paraphrasing, by the party receiving it to any persons or entities other than Qualified Persons, or (2) used by the other party for any purpose other than in connection with this litigation.

5. The use of information which has been designated as "Confidential Information" pursuant to the terms of this Protective Order may be further restricted by the additional designation of such information as "Attorney's Eyes Only." In the event that information designated as "Confidential Information" is later desired by a party to come within the "Attorney's Eyes Only" category, such information and/or documents can be added to such category if mutually agreed to by the parties or upon Order of this Court upon appropriate motion. The only persons who shall have access to Confidential Information designated for "Attorney's Eyes Only" shall be the attorneys of record in this litigation and any associates, secretaries, paralegals, law clerks, support staff employees, and the independent experts to whom it is necessary that the information be disclosed for purposes of this litigation. Such designation shall be made by marking each page of the document at or before the time of production substantially as follows:

"CONFIDENTIAL – ATTORNEY'S EYES ONLY"

or

"CONFIDENTIAL – ATTORNEY'S EYES ONLY PURSUANT TO PROTECTIVE ORDER"

In lieu of marking the original of documents, the party may mark the copies that are produced or exchanged, before or after an inspection of the originals by the other party.

6. Information disclosed at the deposition of a party or one of its present or former officers, directors, employees, agents, or independent experts retained by a party for purposes of this litigation may be designated as Confidential Information, or additionally for Attorney's Eyes Only, by indicating (1) on the record at the deposition that the particular testimony is Confidential Information,

or additionally for Attorneys Eyes Only, and subject to the provisions of this Protective Order, or (2) by indicating in writing within twenty (20) days of receipt of the transcript by counsel that the particular testimony is Confidential Information or additionally for Attorney's Eyes Only, and subject to the provisions of this Protective Order. Until such information is so designated or until the twenty (20) day period passes, the material is to be treated as if Confidential Information and for Attorney's Eyes Only. Otherwise, such information will be deemed free of this Protective Order.

7. Notwithstanding any other provision of this Protective Order, a party may, in a deposition, show any witness any document or thing designated as Confidential Information by the other party which that witness (i) has previously seen or (ii) is entitled to see, in a manner which did not violate the terms of this Protective Order. Is such case, the party desiring to show such a witness any such document or thing must give 24 hours notice to the other party of the intention to do so. Furthermore, notwithstanding any other provision in this Protective Order, a party may, in a deposition, show any director, officer, employee, consultant or agent of the other party any document or thing produced by the other party which (i) has been designated as Confidential Information, or (ii) was designated as confidential by the offering party.

8. Use of Confidential Information, including Attorney's Eyes Only information, shall be permitted at trial, although the confidentiality of such information at trial may be governed by a trial protective order if such an order is stipulated by the parties or requested by a party and entered by the Court. In the event a witness is entitled to view Confidential Information, the designating party shall have the right to have all persons, except the witness, counsel for the witness and all Qualified persons, excluded before the taking of testimony or any part thereof, which the designating party designated as "CONFIDENTIAL" subject to this Order. Similarly, if a witness is entitled to view Attorney's Eyes Only information, the designating party shall have the right to have all persons (except the witness, counsel of record for the named parties, counsel for the witness, members of

counsels' regularly employed office staffs as are necessary for the conduct of this case, independent experts and court personnel) excluded before the taking of testimony or any part thereof which the designating party designates as "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" subject to this Order.

9. Nothing shall prevent disclosure beyond the terms of this Order if the party designating the information as Confidential Information consents, in writing, to such disclosure, withdraws the "Confidential" designation, or if the Court, after notice to all parties, orders such disclosure.

10. No party shall be responsible to another party for any use made of information produced and not designated as Confidential Information, if the information is disclosed by one party to a third party before any time the same is designated as Confidential Information, except that information first divulged in a deposition shall not be divulged before the expiration of the twenty (20) day period of paragraph 6, *supra*. If the receiving party is notified, in writing, of the reclassification of the information, document, etc, to Confidential Information except to the extent such information had been previously disclosed to persons other than Qualified Persons. The receiving party may not argue waiver of the confidential designation merely by virtue of such later designation even if non-confidential disclosure has occurred in the interim. However, such confidential designation shall not apply to the extent divulged before such designation.

11. A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge to such a designation. In the event that a party to this litigation disagrees at any stage of these proceedings with the designation of any information as Confidential or Attorney's Eyes Only, that party shall notify the party asserting confidentiality in writing as to specific objections, along with the bases (both factual and legal) for the objection. The parties shall then confer in a good faith effort to resolve any differences and shall, if necessary, agree to the implementation of procedures to orderly advance and

promote discovery while maintaining each party's proprietary interest. If the dispute cannot be resolved, or if an emergency develops, the objecting party may seek appropriate relief from this Court, and the party asserting confidentiality shall have the burden of proving the same.

12. All discovery and other material filed with the Court including, *inter alia*, transcripts of depositions, exhibits, briefs and memoranda, which comprise or contain Confidential Information shall be filed and kept by the Court in sealed envelopes or other appropriately sealed containers on which shall be endorsed the title of this action, an indication of the contents of such sealed envelope or other contained, the identity of the party filing the materials, the word "CONFIDENTIAL" and a statement substantially in the following form:

> **"This envelope (container) contains documents (objects) subject to the protective order entered in this action. It is not to be opened nor the contents thereof displayed, revealed or made public, except by order of the Court."**

No such sealed envelope or container shall be opened except upon further order of the Court granted pursuant to motion made upon ten (10) business days written notice to counsel of record for all named parties and to counsel for the designating party. Such order shall specifically identify by name and address the person(s) who may have access to the sealed file and shall specifically designate the portion(s) of the sealed file to which such person(s) may have access.

13. The Clerk of this Court is directed to maintain under seal all documents, objects, and transcripts of deposition testimony filed in Court in this litigation which have been designated, in whole or in part, as Confidential Information by a party to this action.

14. Within sixty (60) days after the conclusion of this litigation, originals or reproductions of any documents or things produced by a party containing Confidential Information shall be returned to the producing party or destroyed, except that the office of each principal counsel may retain for its archive a single copy of any such materials. Principal counsel may also retain all exhibits, deposition transcripts, correspondence and papers filed with the Court, and each party's Certified Public

Accountant may retain one copy of any financial information he or she has received. There shall be no restriction on the disclosure or use of any trial exhibits, unless these exhibits were filed under seal and the Court has not lifted any such restriction on the same.

15. Insofar as the provisions of this Protective Order restrict the communication and use of documents or objects, such Order shall continue to be binding after the conclusion of this litigation, except that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of this Protective Order.

16. The designation of any material in accordance with this Order as constituting or containing Confidential Information is intended solely to facilitate the preparation and trial of this action, and treatment of such material by counsel of record for named parties in conformity with such designation will not be construed in any way as an admission or agreement by any party that the designated material constitutes or contains any confidential or proprietary information.

17. This Order shall be without prejudice to the right of any person to object to the production of any discovery material on the basis that such material is protected as a privileged communication or work product.

18. This Order shall be without prejudice to the right of any person to apply to the Court for such further protective orders as justice may require.

19. Nothing in this Order shall bar or otherwise restrict any counsel for any party from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying upon his or her examination of materials designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY," provided that no disclosure of the substance of any such material shall be made except as (i) permitted herein or (ii) if such statement is a general conclusory statement indicating the nature and strength of the proofs the other party (or any third party) has offered.

20. This Order has been entered to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any material as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY", nor the failure to make such designation, shall constitute evidence with respect to an issue in this action.

21. This Order shall remain in full force and effect throughout this action and after its conclusion and until modified, superseded or terminated by Order of the Court of by agreement of the parties.

**SO ORDERED**

_s/ H. Bruce Guyton_
United States Magistrate Judge
Hon. _____
U.S. (Magistrate/District) Judge

Dated:_____

**Approved as to form and substance:**

By: s/Geoffrey D. Kressin
   Geoffrey D. Kressin
   Luedeka, Neely & Graham, P.C.
   **Attorney for Plaintiff**

By: s/John C. Blattner
   J. Michael Huget
   John C. Blattner
   Butzel Long
   **Attorneys for Defendant**

Dated: February 8, 2006

Dated: February 8, 2006

By: s/Robert M. Stivers, Jr.
Robert M. Stivers, Jr.
O'Neil, Parker & Williamson
**Attorney for Defendant**

Dated: February 8, 2006

# EXHIBIT A
## CONFIDENTIALITY AGREEMENT

I, _____, declare that:

1. My address is_____.
2. My present employer is: _____ and its address is _____ .
3. My present occupation or job description is: _____.
4. In addition to my other job functions, I am working as a consultant to: _____.
5. My relationship to plaintiff/defendant is: _____.
6. I have received a copy of the Protective Order in this action.
7. I have carefully read and understand the provisions of the Protective Order and agree to be bound by it.
8. I will return all confidential documents and things which may come into my possession or which I have prepared to counsel for the party by whom I am retained.
9. I declare, under penalty of perjury, that the foregoing is true and correct.

Dated:_____         _____
                                                    (Signature)